**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

JOE HEMINGWAY,
                    *Defendant-Appellant.*

No. 03-4801

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

JOE HEMINGWAY,
                    *Defendant-Appellant.*

No. 03-4811

Appeals from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-02-1015; CR-03-110)

Submitted: April 26, 2004

Decided: May 12, 2004

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David B. Betts, Columbia, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Joe Hemingway pled guilty before a magistrate judge to conspiracy to possess with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(D), 846 (2000), and being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Hemingway to sixty months on the drug charges and sixty-three months on the armed felon charge, to run concurrently, followed by three years of supervised release. Hemingway appeals his conviction and sentence. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Hemingway was informed of his right to file a pro se supplemental brief and has done so. Finding no reversible error, we affirm.

Counsel first questions whether the magistrate judge properly conducted the Fed. R. Crim. P. 11 colloquy. Our review of the record leads us to conclude that there is no plain error in the plea proceeding. *See United States v. Martinez*, 277 F.3d 517, 524-25 (4th Cir.) (discussing standard of review), *cert. denied*, 537 U.S. 899 (2002). The magistrate judge fully complied with the mandate of Rule 11 in accepting Smith's guilty plea. *See United States v. Osborne*, 345 F.3d 281, 288 (4th Cir. 2003) (holding that taking a guilty plea is permissible as "additional duty" for magistrate judge and that de novo review by district court is not required unless parties so demand).

Next, counsel raises as a potential issue the district court's adoption of the statements in the presentence report as the factual findings for sentencing purposes. Hemingway withdrew all his objections to the presentence report. We find no clear error in the district court's adoption of the presentence report. *See United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996) (stating standard of review).

Finally, in his pro se supplemental brief, Hemingway contests the district court's application of the *U.S. Sentencing Guidelines Manual* (2002). Our review of the record leads us to conclude that there is no plain error in the application of the sentencing guidelines. *Nale*, 101 F.3d at 1003. Further, Hemingway's sentence is within the applicable sentencing guidelines range and is below the ten-year statutory maximum. *See* 18 U.S.C. § 924(a)(2) (2000) (setting forth statutory maximum for violation of § 922(g)). Hemingway's challenge to the court's imposition of a sentence within a properly calculated guideline range does not state an appealable question under 18 U.S.C. § 3742(a) (2000). *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Hemingway's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*